IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

AMIN HAYES                                                                                          PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:10-cv-382-CWR-LRA

JANI-KING FRANCHISING, INC.                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Jani-King Franchising, Inc.'s Motion to Reconsider, Docket No. 56, and its Motion to Vacate, Docket No. 58.[1] The motions are DENIED.

### I. Background and Present Arguments

This case was reopened on June 28, 2012, after the Court granted Defendant's motion to alter or amend the Order of Dismissal, Docket No. 53, that was entered in this case on April 4, 2012.

The Order of Dismissal was entered pursuant to a Settlement Agreement that appeared to resolve all pending claims. The Agreement arose during a settlement conference convened by Magistrate Judge Linda R. Anderson. The conference produced a settlement that resolved Plaintiff's claims against two former co-defendants. The Terms of the Agreement, as agreed by counsel for the parties, were in their entirety:

> Defendants agree to pay the sum of $12,000.00 to Plaintiff in full and complete satisfaction of any and all claims, costs, fees, or liens. Release to be executed and claim to be dismissed with prejudice. Jani-King Franchising, Inc. reserves its right to object to the settlement in order to preserve its right to appeal Judge Reeves' ruling the denial of [its] motion for partial summary judgment.

Docket No. 54-1. Shortly thereafter, Judge Anderson entered the Order of Dismissal, which dismissed "all claims as to all parties with prejudice." Docket No. 53, at 1.

---
[1] These documents are identical.

The following week, Defendant moved to alter or amend Judge Anderson's Order of Dismissal, so that it would not be dismissed as a party. Defendant argued that it had not agreed to have the matter dismissed. In fact, it objected to the settlement in order to preserve "its right to ask for reconsideration of the order entered on June 22, 2011 denying its motion for Partial Summary Judgment and if necessary to perfect an appeal." Docket No. 54, at 2.[2]

A hearing on this motion was held on June 28, 2012. At the heart of its objection to the dismissal, Defendant argued that dismissal would be unduly prejudicial because it would be precluded from seeking reconsideration of this Court's opinion, which may have implications for Defendant far beyond the matter before this Court. Following that hearing the Court entered an Order granting Defendant's request, restoring Amin Hayes as this case's sole plaintiff and Jani-King Franchising as this case's sole defendant. *See* Text Order, 06/28/12.

In stark contrast to the urgency expressed at the hearing, nearly three months passed before Defendant filed its motion for reconsideration, alongside a motion to vacate. These motions, filed on September 26, 2012, come more than a year after summary judgment was denied. They present the Court with an alternative argument for why it should not be held liable in this case.[3]

Plaintiff opposes reconsideration, arguing that Defendant's motion is untimely and that it fails to satisfy the standard used to assess a motion for reconsideration. Plaintiff contends that

---

[2] On June 22, 2011, the Court denied Defendant's motion for summary judgment on Plaintiff's claims for negligence and negligent supervision/training under a theory of *respondeat superior*. On the evidence presented, the Court found "a genuine issue of material fact on the question of whether Jani-King and Enmon [a former co-defendant in this case] created an employer-employee relationship." *Hayes v. Enmon Enter., LLC*, 3:10-cv-382, 2011 WL 2491375, *6 (S.D. Miss. June 22, 2011). Neither party moved the Court to reconsider its ruling at that time. Instead, at the request of the parties, the Court extended the discovery deadline to allow the parties to conduct additional discovery and set a new trial date. No trial was set in light of the announced settlement.

[3] Defendant now claims that it is not liable because the allegedly negligent cleaning services were performed by "a non-party over whom [Defendant] had no control and with whom [Defendant] had no contractual relationship." Docket No. 56 ¶ 3.

Defendant is merely seeking "a second bite of the [summary judgment] apple." Docket No. 60 ¶ 8.

Defendant's rebuttal likens the motion to a mid-trial or post-trial motion brought under subsections (a) or (b) of Rule 50, and argues that it could raise this alternative argument "now, during trial, or after trial on appeal." Docket No. 62, at 3. In the same breath, however, Defendant "admits it did not initially focus the Court's attention on the correct relationship for purposes of analyzing Plaintiff's *respondeat superior* theory." *Id.*

## II. Standard of Review

Defendant does not make clear whether its motions to reconsider and to vacate are based on Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.

"Motions to reconsider are treated as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e)." *Ramirez v. L-3 Commc'n Vertex Aerospace*, LLC, 3:11-cv-297, 2012 WL 4052059, at *2 (S.D. Miss. Sept. 13, 2012) (citing *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000)). Rule 59(e) movants "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). To satisfy this burden under a new evidence theory the movant must show: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003) (citation omitted). A Rule 59(e) motion is due "no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). Relief under this Rule is considered to be extraordinary and "should be used sparingly." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted).

Defendant's other hope for relief is the more stringent Rule 60(b), which requires a showing of either "(1) mistake, inadvertence, surprise, or excusable neglect"; "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; or "(3) fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b); *see also Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 2:06-cv-206, 2008 WL 2856826, *1 (N.D. Miss. July 21, 2008).[4] A Rule 60(b) motion must be made within a year if the motion is based on mistake, newly discovered evidence, or fraud; or, if based on other grounds, must otherwise be made within a reasonable period of time. Fed. R. Civ. P. 60(c).

### III. Discussion

Neither Rule 59 nor Rule 60 provides an avenue of relief for either of Defendant's present motions.

Defendant has advanced no argument supporting its motion for reconsideration under the *Ross* standard. The motions offer no reason establishing a manifest error of law or fact, nor do they present newly discovered evidence that was not previously available, such that the Court should reconsider its ruling. *See, e.g.*, *Nabers ex rel. Emergystat, Inc. v. Morgan*, 3:09-cv-70, 2011 WL 1884721, *1 (S.D. Miss. May 17, 2011); *Bell-Wilson v. Skinner*, 3:09-cv-147, 2011 WL 1626536, *1 (S.D. Miss. Apr. 28, 2011), *appeal dismissed*, 11-60375, 2012 WL 1232554 (5th Cir. Apr. 12, 2012). Instead, Defendant uses this motion to present an alternative defense based on facts that were available and were within its control when summary judgment was

---

[4] Defendant could also show that the judgment is void or that the judgment is satisfied or based on an earlier judgment which has been reversed or vacated, or any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *see also Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 2:06-cv-206, 2008 WL 2856826, *1 (N.D. Miss. July 21, 2008). That option is foreclosed because Defendant has failed to offer any other reason supporting its motion.

litigated.[5] "Rule 59(e) motions are 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *In re Rodriguez*, 695 F.3d 360, 371-72 (5th Cir. 2012) (quoting *Templet*, 367 F.3d at 478–79).

Similarly, Defendant has offered no reason why it is entitled to relief under Rule 60(b) and certainly offers nothing which justifies the extraordinary relief that it requests. *E.g.*, *Chestang v. Alcorn State Univ.*, 5:10-cv-67, 2011 WL 5593167, *2-3 (S.D. Miss. Nov. 17, 2011).

In its motion for summary judgment, Defendant argued that there were no genuine issues of material fact which required consideration of a jury and that it was entitled to judgment as a matter of law. As this Court explained in its earlier ruling:

> It is true that when a case's underlying facts are undisputed, the question of whether an employer-employee relationship exists is one of law. However, written agreements like the one now at issue are not the only relevant species of evidence; conduct of the parties also should be evaluated. Therefore, the Court's conclusions regarding the effect of the Franchise Agreement stand merely as recognition of the existence of a genuine issue of material fact on the question of whether Jani-King and Enmon created an employer-employee relationship. Given the contract's 'conflicting indicia,' that question must be left to a jury.

*Hayes*, 2011 WL 2491375, at *6. On the evidence presented to this Court for consideration of Jani-King Franchising's motion for summary judgment, the Court was justified in denying the motion.

## IV. Conclusion

For the foregoing reasons, Defendant's motions for reconsideration and to vacate are DENIED.

---

[5] Having admitted that it overlooked facts which it now believes are relevant to an analysis of Plaintiff's *respondeat superior* theory, Defendant clearly relies on information that was previously available and is not newly discovered. See Docket No. 57, at 1, where Defendant asks this Court to reconsider and vacate the order denying summary because Defendant initially "focused the Court too much on its relationship with its master franchisee."

Within fourteen days of the entry of this Order, the parties are instructed to contact the Chambers of this Court to schedule a status conference.

**SO ORDERED**, this the 28th day of December, 2012.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE